STOULIG, Judge.
Defendant, Dennis Talley, has appealed a judgment awarding plaintiff, John R. Hughes, $5,000.00 plus 25% attorney fees and legal interest from judicial demand in a suit on a promissory note that was materially altered by the wife of the payee. The issue here is whether the alteration rendered the note null and void.
The instrument was given by Talley as partial consideration for the purchase of a Diamond T tractor and homemade trailer, which plaintiff sold for $7,000.00. Initially, defendant paid $2,000.00 and took delivery of the trailer, which he removed from plaintiff’s property with another tractor. At the time the truck was not running; therefore, defendant sent a mechanic to fix it.
On November 1, 1978, when the tractor was once again operational, defendant gave plaintiff a promissory note for[1] he $5,000.00 balance of the sale price. Because plaintiff could not find the truck title the parties agreed defendant was to take delivery of the tractor at some unspecified time in the near future, when plaintiff found the title.
Meanwhile, defendant who had purchased this rig for use in performing a $29,700.00 contract to move two buildings, determined he could improvise with the trailer and the equipment he already owned to perform his contract, obviating the need for plaintiff’s tractor. Defendant never paid the $5,000.00 nor did he take delivery of the tractor. Hence this suit.
The note was drafted by the combined effort of Mrs. Hughes, plaintiff’s wife, and defendant and it is apparent that both were unfamiliar with laws regulating commercial paper. Using a form note for bearer paper each party filled in some of the blanks. Without detailing who wrote what we note the interest entry is the only one relevant to the issue. After Mrs. Hughes had partially completed the note, Talley finished the form before signing and in so doing he drew a line through the blank where the interest rate was to be inserted and noted near the bottom: “Bal to be Paid in 90 days, nine days from date.”
Everyone agrees none of the parties intended that the note stipulate interest. However, after defendant signed it Mrs. Hughes entered the numeral “8” over the slash mark defendant previously put in that blank, and wrote in the date November 1, 1978 in the blank indicating when interest would begin running. She did this, she explained, to make the note legal because she understood “... a note is not legal unless it has an interest in it ...”
Under R.S. 10:3-407(l)(c) Mrs. Hughes made a material alteration to the instrument by writing in an interest rate after the maker signed the note. The effect of the alteration is determined by (2)(a) of the same section:
“(2) As against any person other than a subsequent holder in due course
“(a) alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense; * * * ” (emphasis supplied)
This quoted provision, effective since January 1, 1975, superceded R.S. 7:124, which provided:
“Where a negotiable instrument is materially altered without assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented to the alteration, and subsequent indorsers.”
Appellant cites cases applying the more stringent rule of R.S. 7:124; however, the present law does not void the note when the alteration is not fraudulent and thus reserves to the good faith creditor his right of action on the note.[1]
*255 The trial court found as a fact that the alteration made by Mrs. Hughes was not fraudulent and the evidence fully supports this conclusion.
For the reasons assigned the judgment appealed from is affirmed. Appellant to bear all costs of this appeal.
AFFIRMED.

. Thompson v. Taylor, 192 So.2d 609 (La.App. 3rd Cir. 1966), decided under the now super-ceded negotiable instrument, held any material alteration voided the note. Under Thompson the holder who altered the note fraudulently not only voided the note but discharged the obligation the note was given to evidence, whereas the good faith holder retained the right to judicially enforce the original obligation.