415 So.2d 990 (1982)
TWO O'CLOCK BAYOU LAND COMPANY, INC., Plaintiff-Appellant,
v.
STATE of Louisiana, Defendant-Appellee.
No. 8808.
Court of Appeal of Louisiana, Third Circuit.
May 26, 1982.
*991 Brinkhaus, Dauzat & Falgoust, Jerry J. Falgoust, Opelousas, for plaintiff-appellant.
Michael O. Hess, Dept. of Justice, Baton Rouge, for defendant-appellee.
Before DOMENGEAUX, CUTRER and SWIFT, JJ.
SWIFT, Judge.
On December 2, 1976, the State of Louisiana (State) and the St. Landry Parish Police Jury filed suit against the Two O'Clock Bayou Land Company, Inc., (Land Company) and others for a declaratory judgment to determine whether Two O'Clock Bayou in St. Landry Parish was navigable and for injunctive relief to prevent the Land Company from obstructing the bayou by a cable which it erected. The district court ruled that the bayou was navigable subject to public use and enjoined the obstruction. This court affirmed the judgment, concluding it was unnecessary to decide in which party the title to the bed of the bayou is vested. See State ex. rel. Guste v. Two O'Clock Bayou Land, 365 So.2d 1174 (La. App. 3 Cir. 1978); writ denied, 367 So.2d 387 (La.1979).
The Land Company has since filed this suit against the State seeking a declaratory judgment that petitioner is the owner of the bed of the bayou within certain sections of land patented by the State in 1860 to the plaintiff's ancestor in title. The petition alleges that the patents conveyed all the lands within the sections without a reservation by the State of any part thereof. Alternatively, it pleads the unconstitutionality of LSA-C.C. Art. 453 (now Arts. 450 and 452) and, 1974 La.Const. Art. 9, § 3 (declaring the beds of navigable streams to be public and inalienable by the State) if it is found that Two O'Clock Bayou was not navigable in 1812 or 1860, but is navigable now and owned by the statesuch violating the U. S. Constitution as a taking of private property without just compensation and being an ex post facto law. The defendant filed peremptory exceptions of sovereign immunity and no cause of action. They were heard on May 8, 1981, and thereafter the district court sustained the exception of sovereign immunity. The plaintiff has appealed.
Pertinent to our inquiry as to whether the State can be sued in this action without its consent is Art. 12, § 10, of the Louisiana Constitution of 1974 which provides:
"Section 10. (A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
"(B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
"(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject *992 to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered.
The State contends that the plaintiff's suit is not based in contract or for injury to property within the meaning of Art. 12, § 10, but is rather a suit for the determination of the ownership of land. Consequently, it falls in the category of "other suits" under Section 10(B) of the above provision of our constitution and the plaintiff must obtain the authorization of the legislature before it can proceed. We agree.
Prior to the adoption of our 1974 constitution an action to establish title or ownership to real rights claimed by the state could only be brought after obtaining authorization of the state. Daigle v. Pan American Production Company, 236 La. 578, 108 So.2d 516 (1958).
We are in full accord with the following observation of Judge Paul B. Landry, Jr., in his concurring-dissenting opinion in DiVincenti Bros. v. Livingston Parish S. Bd., 355 So.2d 1, 8 (La.App. 1 Cir. 1977), writ den. 357 So.2d 558 (La.1978).
"The debate on the article during the constitutional convention of 1974 indicates intent to clothe the sovereign with immunity from suit and liability in all cases except suits in tort and contract. The convention rejected amendments to proposed Article 12, Section 10, which would have terminated the doctrine of sovereign immunity in its entirety. The debate also discloses a majority rejection of a proposal, which merely protected the state and its agencies against seizure of public assets to satisfy judgments against the sovereign, by requiring that judgments against the sovereign be satisfied only out of funds appropriated for such a purpose. The clearly expressed intent was to adopt the doctrine of sovereign immunity as part of our basic law, and to waive that immunity in the field of contracts and torts as exceptions to the general rule." [Emphasis added.]
Of particular significance to the present case we note the following remarks by delegates to the convention as to the meaning of the phrase "other suits against the state" in Art. 12, § 10(B), which require legislative authorization:
"MR. DREW
"Don, with reference to your statement as to all other actions, would you tell this body what those all other actions which you are not covering include?
"MR KELLY
"Well, Mr. Drew, I don't think that really it would be incumbent, and I can't describe and particularize all other actions, but as I understand it, I have come with an exception first, and any and all other actions against the state would require the approval of your legislative body. The only thing that I'm saying that we do not need your approval to institute is suits in contracts, suits for personal injury and suits for property damage. All other suits would require the old legislative approval method. Now, what those might be, I can imagine titles to land; that was raised here, yesterday. Obviously that would be covered before anyone could contest the title to the property upon which the State Capitol rests, well, they would have to seek legislative approval in order to institute and file such a suit." (Vol. VI, page 40, of the verbatim transcripts of the Constitutional Convention of 1973 of the 21 day. Emphasis added.)
Thus, it is rather clear that the framers of constitutional Article 12, § 10, did not intend that suits against the State to determine ownership of land be included in its waiver of sovereign immunity from suits in contract or injury to property. Instead, they considered that such actions were within the classification of "other suits" mentioned in subsection (B) which require legislative authorization for institution.
While it is true, as the plaintiff contends, that this suit will involve the consideration of state patents or contracts, this is equally the case in any petitory action as defined in *993 LSA-C.C.P. Art. 3651. However, in our opinion neither action is a suit on a contract with the State within the meaning of Article 12, § 10. The nature and effect of the present declaratory judgment suit, like a petitory action, is to determine the title and ownership of land. It is not one for damages which may have arisen from the breach of any contract with the State nor for the specific performance thereof.
Nor is this a suit for the value of any property taken or appropriated by the State. Such question can only arise after the title and ownership of the bed of the stream is determined.
Since no legislative authorization for this suit has been granted, we conclude that the exception of sovereign immunity was properly sustained.
For the foregoing reasons, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.