481 So.2d 172 (1985)
Dennis J. TALLEY
v.
John R. HUGHES.
No. CA-3660.
Court of Appeal of Louisiana, Fourth Circuit.
December 11, 1985.
Rehearing Denied January 27, 1986.
*173 Val A. Schaff, III, Schaff & Currier, New Orleans, for defendant-appellee, John R. Hughes.
Gibson Tucker, Jr., New Orleans, for plaintiff-appellant, Dennis J. Talley.
Before KLEES, WARD and ARMSTRONG, JJ.
WARD, Judge.
By judgment dated March 18, 1980, the Orleans Parish Civil District Court awarded John R. Hughes $5,000.00 plus interest and attorney fees on a note executed by Dennis J. Talley. The note represented the credit portion of a $7,000.00 price which Talley had agreed to pay Hughes for the purchase of a truck tractor and trailer. Talley appealed the $5,000.00 judgment to this court where it was affirmed. Hughes v. Talley, 400 So.2d 253 (La.App. 4th Cir.) cert. denied 406 So.2d 609 (La.1981). The action which led to the present appeal is Talley's most recent legal manuever to avoid Hughes' execution of the judgment.
In August, 1982, Hughes first attempted execution of the judgment by seizure and sale of Talley's immovable property in Tangipahoa Parish. The property was seized, but Talley twice sued in Orleans Parish Civil District Court (No. 82-16013) to enjoin the judicial sale on the grounds that Hughes had not delivered the certificate of title for the truck trailer. Both petitions were dismissed. In his second order denying Talley relief, the Trial Judge stated that he was refusing to enjoin the sale "because Hughes' lawyer assures the court that he will not proceed with seizure and *174 sale until he has received payment and has tendered Talley the title to the truck." Talley appealed the dismissal (CA-0589), but the appeal was dismissed on April 20, 1983 because Talley did not file a brief.
Hughes then reinstituted proceedings to execute the judgment by seizure and sale of Talley's immovable property in Orleans Parish. On February 28, 1984, Talley filed yet another petition to enjoin the judicial sale of his property, and additionally, to annul the 1980 judgment, to rescind the sale of the trailer, and to have Hughes held in contempt. The petition also sought money damages for the humiliation, embarrassment, harassment and damage to reputation occasioned by three allegedly illegal seizures and attempts to sell his property at judicial sale. Talley was granted a temporary restraining order. Hughes filed exceptions, contending that the court was without subject matter jurisdiction, that Talley had no cause of action, that the matter was res judicata, and finally, that Talley's action for nullity had prescribed.
After the suit was transferred to another division of Civil District Court to cure the jurisdictional defect, the Trial Judge dismissed the entire suit. He sustained only the exception of prescription and denied the exceptions of no cause of action and res judicata.
Talley suspensively appeals the judgment, contending that the Trial Judge should not have dismissed his entire lawsuit upon finding only the nullity claim prescribed. He further assigns error in that finding because he alleges no evidence exists that he knew of the grounds for nullity more than a year before the petition was filed.
We affirm the portion of the judgment which held that Talley's claim to annul the 1980 judgment on the note was not filed within a year of Talley's discovery of the alleged grounds for nullity.
The paragraphs of Talley's petition asserting the nullity of the 1980 judgment claim that it was:
obtained by fraud and ill practices, in that the plaintiff in said action, the defendant here, testified that he had a title to the trailer which was the subject of the sale involved in that suit and that there would be no difficulty in having the trailer titled in the name of the purchaser, the plaintiff here, when the truth was that there was no title to the trailer, nor could or can a title be obtained....
The said judgment further was founded on a contract of sale which was made in violation of prohibitory law, a fact which was concealed from the Court by the plaintiff in the trial which resulted in the judgment....
In deciding whether Talley's action for nullity was timely filed, we note that the plaintiff in a nullity suit must allege that the fraud or ill practice was discovered within the year prior to institution of the suit. La.C.C.P. art. 2004; Gennuso v. State, 339 So.2d 335 (La.1976). Talley's petition, filed in February 1984, does not state when he discovered that there was no title to the trailer. The Civil District Court record in 82-16013 conclusively shows, however, that Talley knew the homemade trailer was untitled and that he had been actively contesting the matter since October of 1982, more than a year prior to institution of his suit for nullity. Moreover, pursuant to Rule 8 § 9 of the Civil District Court, Talley's action for nullity was allotted to the judge who had presided at the trial of the suit on the note. In his written reasons for holding Talley's claim prescribed, the Trial Judge stated that trial testimony showed that Talley had knowledge of all the facts that gave rise to his petition for nullity. Hence, we find no error in the Trial Court's ruling on the issue of prescription.[1]
*175 Hughes did not answer Talley's appeal or file an independent appeal from the denial of his exceptions of no cause of action and res judicata. He filed only a brief in which he argues for affirmance of the judgment and reasserts all of his exceptions, urging this court to sustain those denied by the Trial Court. Generally, we are precluded from considering even meritorious issues raised solely in an appellee's brief. We cannot modify or reverse a judgment from which no appeal is taken. La.C. C.P. art. 2133; Arrow Fence Co. v. DeFrancesch, 466 So.2d 631 (La.App. 5th Cir. 1985).
Nonetheless, Talley's continuing abuse of the judicial process to frustrate execution of the judgment against him must be stopped. We exercise our right to notice on our own motion his failure to disclose causes of action against Hughes. La.C.C.P. art. 927.
First, Talley's petition seeks rescission of his purchase of the trailer from Hughes on grounds of nullity of the sale and redhibition. We find no cause of action for rescission upon either ground. The basis of Talley's claims is that the homemade trailer has no certificate of title nor can he obtain one. It is well-established in the law that sales of motor vehicles are governed by the Civil Code articles relating to sales and are not affected by noncompliance with the requirements of the Vehicle Certificate of Title Law. La. C.C. arts. 2439, 2456; Sherman v. State Farm Mutual Automobile Insurance Co., 413 So.2d 644 (La.App. 1st Cir.), cert. denied 414 So.2d 776 (La.1982). Talley, therefore, states no cause of action to annul the sale because the trailer has no title certificate. Talley additionally asserts that the lack of a certificate of title constitutes a redhibitory defect, allowing him to avoid the sale. Again, the law is clear. An apparent defect is not a redhibitory vice. La.C.C. art. 2521. It is inconceivable that during the negotiation and consummation of the sale Talley did not discover, or might not have discovered by "simple inspection", the fact that the trailer had no title. Hence, a claim for redhibition is unfounded.
Talley's petition also seeks to have Hughes held in contempt of court for his failure to deliver a certificate of title for the trailer. The petition states that the trailer was never registered and that it was sold by its maker to Hughes without a certificate of title. There can be no cause of action for contempt based upon disobedience of a court order to deliver something that does not exist. We will not allow Talley to further pursue such a spurious claim.
In addition to the causes of action previously discussed, Talley bases a claim to enjoin the judicial sale of his property on the fact that an alias writ of fieri facias was issued in Orleans Parish despite a previous outstanding writ and seizure in Tangipahoa Parish. Talley correctly cites the law which provides that another writ of fieri facias may be issued after a previous one has been returned unsatisfied. La.C. C.P. art. 2297. Talley's petition states that the writ issued in Tangipahoa Parish not only has not been returned unsatisfied, but also that a seizure of his property has been made. Presumably, a judicial sale could be held at any time. We therefore find Talley has a cause of action to enjoin proceedings in execution of the judgment in Orleans Parish because the judgment may be satisfied by judicial sale in Tangipahoa Parish. La.C.C.P. art. 2294. While we recognize that the delays in holding a judicial sale in Tangipahoa Parish were largely due to Talley's tactics, a judgment creditor may not go from parish to parish, obtaining writs of fieri facias and having a debtor's property seized, without ever proceeding to judicial sale. For this reason, and for this cause of action only, the Trial Judge was correct in denying Hughes exception of no cause of action to Talley's claim for injunctive relief.
As his final claim, Talley seeks $150,000.00 in damages because he has been subjected to three "illegal" seizures and attempts to sell his property. For the reasons we set forth previously, only the seizure *176 of Talley's property in Orleans Parish was, on any ground, "illegal." Accordingly, Talley is entitled under La.C.C.P. art. 2298 to prove, if he can, damages from that seizure only. We therefore, remand for that limited purpose.
All costs of appeal to be paid by Dennis Talley.
REVERSED AND REMANDED.
NOTES
[1] Although not changing our result, we note that the one year limitation of Article 2004 is more properly a period of peremption, rather than prescription, and should be raised by an exception of no cause of action. Davis v. Sewerage and Water Board, 469 So.2d 1144 (La.App. 4th Cir.1985).