HALL, Chief Judge.
Plaintiff, Loye A. Willis, filed suit against defendant, Department of Culture, *1163 Recreation and Tourism, State of Louisiana, alleging that he is the owner of a tract of land in Webster Parish and that defendant took possession of a portion of his land south of the meander line of Lake Bisti-neau by erecting a fence and painting the meander line. Plaintiff prayed to be recognized as owner of the property. Defendant filed an exception of sovereign immunity asserting that the State of Louisiana, as sovereign, may not be sued without legislative consent except where the cause of action is in tort or contract in accordance with LSA-Const. Art. 12, § 10 (1974). The trial court maintained the exception and dismissed plaintiffs suit with prejudice. Plaintiff appealed contending that (1) the trial court erred in finding that defendant was immune from suit; and (2) even if defendant is immune from suit, the trial court erred in dismissing his suit with prejudice. The court correctly determined that defendant was immune from suit, but it erred in dismissing plaintiffs suit with prejudice. Accordingly, the judgment of trial court is amended to delete the portion of the judgment dismissing plaintiffs suit with prejudice and is otherwise affirmed.
I.
Pertinent to our inquiry as to whether the state can be sued in this action without its consent is LSA-Const. Art. 12, § 10 (1974) which provides:
Section 10. (A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
(B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered.
Plaintiff contends that defendant trespassed upon and took possession of his land when it constructed a fence and painted the meander line on his property, and that this is an action in tort for injury to property within the meaning of LSA-Const. Art. 12, § 10(A).
Defendant contends that plaintiffs cause of action is neither a suit in tort or contract, but is a petitory action asserting plaintiffs ownership of property claimed by the state. The state contends that plaintiff must secure legislative approval prior to filing suit. We agree.
Through constitutional Article 12, § 10 the doctrine of sovereign immunity was retained as the general rule with actions in contract and tort excepted. Two O’clock Bayou Land Co., Inc. v. State, 415 So.2d 990 (La.App. 3d Cir.1982). Prior to the adoption of the 1974 constitution an action to establish title to or ownership of real rights claimed by the state could only be brought after obtaining authorization of the state. Daigle v. Pan American Production Co., 236 La. 578, 108 So.2d 516 (1958). Petitory actions against the state are not included in the state’s waiver of sovereign immunity from suits in contract or for injury to property. Such actions are within the classification of “other suits” mentioned in subsection (B) of Article 12, § 10 which require legislative authorization before institution of suit. Two O’Clock Bayou Land Co., Inc. v. State, supra.
The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiffs ownership. LSA-C.C.P. Art. 3651.
Plaintiff alleged in his petition that he is the true and lawful owner of the land upon which defendant constructed its fence. He described his property and each link in his chain of title. Plaintiff next alleged that *1164 he and his authors-in-title possessed the land as owners for more than thirty years. Plaintiff pled five, ten, and thirty years prescription to bar any claims of ownership by defendant. Plaintiff alleged that defendant trespassed upon and took possession of his land lying south of the meander line of Lot 3 by constructing a fence and painting the meander line without title. Plaintiff prayed for judgment in his favor (1) recognizing him as the owner of the property; (2) ordering defendant to remove its fences from the land and to deliver possession of the property to him; and (3) for costs, and for full and general relief.
Plaintiff set forth all the necessary elements for determining the ownership of the property. He alleged that defendant is in possession of the disputed property and prayed that he be declared the owner. Plaintiff's reference to defendant's trespassing on his property was within the context of establishing that defendant took possession adverse to his title. Plaintiff did not request any damages and his reference to trespass is incidental to the petitory action and does not transform it into a tort action.
Plaintiff brought a petitory action which requires legislative authorization prior to institution of suit.
II.
Plaintiff further contends that the legislature waived the state's immunity when it created the Department of Culture, Recreation and Tourism, and granted it the power to sue and be sued. In granting the power to sue and be sued the legislature only waived the state's immunity in the areas within the ambit of the department's administration.
LSA-R.S. 36:201 created the Department of Culture, Recreation and Tourism with the power to sue and be sued. The secretary serves as the head of the department and has responsibility for the policies, administration, control, operation of the functions, programs, and affairs of the department. LSA-R.S. 36:203. The secretary may acquire land in the name of the state but may sell, lease, or sublease land only after receiving legislative approval. LSA-R.S. 36:204; LSA-R.S. 56:1687.
When the legislature created the Department of Culture, Recreation and Tourism it did not transfer title to state lands such as lake bottoms to the department. Title remains in the state. The legislation authorizing suit against the department waived immunity only within the ambit of the department's administration and did not serve as a measure waiving immunity for the determination of the ownership of lands claimed by the state. See Daigle v. Pan American Production Co., supra.
III.
Although the trial court correctly found that the state was immune from suit in this petitory action, it should not have dismissed plaintiff's suit with prejudice. The legislature may authorize this suit against the state in accordance with LSA-Const. Art. 12, § 10(B) (1974). Plaintiff should not be barred from asserting his petitory action if and when he obtains legislative authorization.
Accordingly, the judgment of the trial court is amended to delete the words "with prejudice", and is otherwise affirmed. Costs of this appeal are assessed to plaintiff.
AFFIRMED AS AMENDED.