BARRY, Judge.
On or about June 24, 1982 William Brown, d/b/a Bill’s Auto Sales, purchased two used trucks from Chrysler Credit Corporation. Chrysler obtained the trucks by dation en paiement from Key Dodge Sales, Inc. which had used the vehicles, though new, for its own purposes. Titles were never issued.
Chrysler sent a “Certificate of Origin” for each truck to Brown. The State refused to issue certificates of title to Brown who then filed this suit to rescind the sale based on redhibition.
Chrysler filed exceptions of prescription, no cause of action, and vagueness. The district court maintained Chrysler’s no cause of action and dismissed Brown’s suit with prejudice.
In reviewing a judgment on an exception of no cause of action,
[T]he correctness of the allegations of fact is conceded and every reasonable interpretation must be accorded to language of the petition in favor of maintaining its sufficiency and affording plaintiff the opportunity of presenting his evidence.
Cooley v. State, 533 So.2d 124, 125 (La.App. 4th Cir.1988).
Chrysler relies on Talley v. Hughes, 481 So.2d 172 (La.App. 4th Cir.1985) where this Court concluded that the failure of the vendor to produce a certificate of title was an apparent defect and not redhibitory under La.C.C. Art. 2521.
In Talley the Orleans Civil District Court (in 1980) awarded the defendant Hughes $5,000 plus interest and attorneys fees on a note executed by Talley which represented the credit portion of the sale price of a tractor and trailer. That judgment was affirmed. Hughes v. Talley, 400 So.2d 253 (La.App. 4th Cir.1981), writ denied, 406 So.2d 609 (La.1981). In 1982 Hughes attempted to execute the judgment and seized Talley’s immovable property in Tangipahoa Parish. Talley twice attempted to enjoin the sale on the ground that the homemade trailer had no certificate of title and he could not obtain one.
Both petitions were dismissed without an explanation except that in the second suit, the trial judge stated that he refused to enjoin the sale because Hughes’ lawyer had promised the sale would not take place until payment was received and title was tendered to Talley. Talley’s appeal was dismissed for failure to file a brief.
Hughes then seized immovable property owned by Talley in Orleans Parish and Talley again sought an injunction, plus damages. He also asked to annul the 1980 judgment, to rescind the sale of the trailer, and to hold Hughes in contempt.
After Talley was granted a temporary restraining order, Hughes filed exceptions of (1) lack of subject matter jurisdiction (2) no cause of action (3) res judicata and (4) prescription.
Talley’s suit was dismissed pursuant to the trial court’s maintenance of the exception of prescription. The exceptions of no *879 cause of action and res judicata were overruled.
Talley appealed urging that his suit should not have been dismissed based only on the finding that his nullity action had prescribed since “no evidence exists that he knew of the grounds for nullity more than a year before the petition was filed.” 481 So.2d at 174. Hughes neither filed an appeal nor answered Talley’s appeal.
This Court noted that Talley’s petition sought to nullify the 1980 judgment without stating when he discovered there was no title to the trailer. The court then looked to the prior injunction proceedings and found that the record
[Conclusively shows, however, that Talley knew the homemade trailer was untitled and that he had been actively contesting the matter since October 1982, more than a year prior to institution of his suit.
481 So.2d at 174. The Court did not find error in maintaining the exception of prescription.
The Court, noting it did not normally consider an otherwise meritorious issue raised in only appellee’s brief, then stated:
Nonetheless, Talley’s continuing abuse of the judicial process to frustrate execution of the judgment against him must be stopped. We exercise our right to notice on our own motion his failure to disclose causes of action against Hughes. La.C. C.P. Art. 927.
On its own motion, the Talley Court thus considered, among other things, the question whether a lack of title constituted a redhibitory defect and concluded that, in this case, it was
[IJnconceivable that during the negotiation and consummation of the sale Talley did not discover, or might not have discovered by ‘simple inspection’, the fact that the trailer had no title.
The Court found no redhibitory defect since the lack of title was apparent and reversed the overruling of the exception of no cause of action. It is that part of the Talley opinion upon which Chrysler relies.
It is clear the Talley court had the benefit of more than the petition when it ruled on the exception. Talley’s several attempts to stay execution of the judgment provided sworn testimony, despite the fact that the issue was an exception of no cause of action. Additionally, Talley’s continued dilatory tactics explains this Court’s reliance on assertions outside of the petition. Obviously, various circumstances may or may not make a lack of title or inability to obtain a title an apparent defect. We are satisfied that Talley does not stand for the proposition that a lack of title or inability to obtain a title is always an apparent defect and never redhibitory.
Our case is distinguishable from Talley. Brown’s petition alleges Chrysler failed to deliver title and that constituted a redhibitory defect. That allegation is sufficient to state a cause of action in redhibition. See Price v. Overseas Sports, Inc., 362 So.2d 587 (La.App.3rd Cir.1978).
The district court nonetheless correctly maintained the exception of no cause of action because on the face of the petition this action has prescribed. When a declina-tory exception can be cured by an amendment to the petition, the judgment maintaining the exception must allow plaintiff the opportunity to cure. La.C.C.P. Art. 934.
Brown’s memorandum in opposition to the exceptions states that he did not discover the alleged redhibitory defect until July 1985 when he attempted to sell one of the vehicles. The petition was filed on January 30, 1986, which indicates that an amendment may cure the defect. Thus, the trial court erred by dismissing plaintiff's suit with prejudice.
Since the district court did not reach the exceptions of prescription and vagueness, a hearing on those exceptions may be held after the petition has been amended.
The judgment of the district court dismissing plaintiff’s suit with prejudice is reversed. The case is remanded to the district court to allow plaintiff to amend his *880 petition within thirty (30) days of the date of this judgment.
REVERSED: REMANDED.