BECKER, Judge.
River Marine Contractors, Inc. (RMC) filed a declaratory judgment action in St. Bernard Parish and named as defendants the Board of Commissioners of the Port of New Orleans (PNO) and the Board of Commissioners of the St. Bernard Port, Harbor and Terminal District (SBPHTD). In its petition, RMC alleged it entered into a lease with SBPHTD for the purpose of constructing a terminal to handle domestic and international waterborne commerce at the site of the former Kaiser Aluminum plant, now owned by SBPHTD, in St. Bernard Parish. The lease was for an interim term of five months with automatic month-to-month extensions while RMC explored the feasibility of the project. RMC alleged that PNO informed it that the construction and operation of the proposed facility was under the jurisdiction and statutory authority of the PNO. In paragraph XX of the petition, RMC stated:
Unless there is a resolution by this Court as to the respective rights and responsibilities of the ST. Bernard Port and the Port of New Orleans, petitioner, River Marine, will continue to face the uncertainty and insecurity as to who is the proper regulatory authority, therefore placing at risk past and future expenses and resources. Therefore, the need for Declaratory Judgment is immanent [sic] and summary resolution is necessary. The rights, responsibilities and authorities relative hereto are entirely contained in state law and, therefore, the judiciary authority of this State and the Parish in which venue occurs, is the proper arbitrator of the differences between the two referenced public authorities.
In paragraph XXIII, RMC also stated: Petitioner further alleges that the uncertainty or controversy surrounding the contractual and legal relationship among the parties will continue unless the Court, by Declaratory Judgment, terminates the uncertainty or controversy giving rise to these proceedings by determining which of the two port authorities, the St. Bernard Port or the Port of New Orleans has legal authority and jurisdic *286 tion to regulate the- subject matter of the lease agreement currently in effect, and the permanent lease agreement to be confected after these proceedings are concluded.
RMC prayed for a declaratory judgment declaring whether the PNO or the SBPHTD was the appropriate authority to regulate the contractual relationship in the form of the lease between RMC and SBPHTD and which one had the authority to regulate the operation of the terminal as those operations pertain to international cargo and commerce.
PNO filed a declinatory exception of improper venue, a dilatory exception of failure to join a necessary party and a peremptory exception of failure to join an indispensable party plaintiff. The trial court denied the exceptions finding that venue was proper in St. Bernard Parish under R.S. 13:5104(B) because the declaratory judgment action involved a contract and the cause of action arose in St. Bernard.
PNO complains the trial court erred in finding that venue was proper in St. Bernard Parish under R.S. 13:5104(B). PNO argues that RMC’s suit is based neither in contract nor in tort and that it is not a suit authorized by law or by a resolution of the legislature, as required by R.S. 13:5101. We agree.
R.S. 13:5101 provides:
This Part applies to any suit in contract or for injury to person or property against the state, a state agency, or a political subdivision of the state, as defined herein, or against an officer or employee of a political subdivision arising out of the discharge of his official duties or within the course and scope of his employment. The Part also applies to any other suit expressly authorized by special or general law or resolution adopted by the legislature. (Emphasis added)
RMC’s declaratory judgment action cannot be considered a suit in contract because RMC’s lease with SBPHTD is not at issue. The suit does not involve an interpretation of or a declaration of rights under the lease between RMC and SBPHTD.
LSA-R.S. 13:5101 is based on Article 12, § 10 of the Louisiana Constitution of 1974 which provides, in part:
Section 10(A) No Immunity in Contract and Tort. Neither the state, a state agency, or a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
(B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
Although article 12, § 10 and R.S. 13:5101 are similar in nature they are not identical. The difference is that the constitutional provision contains no mention of suits “expressly authorized by special or general law” as does Section 5101. Clearly, Art. 12, § 10 is the source provision for Section 5101 because Subsection C of Art. 12, § 10 states that the legislature shall provide a procedure for suits against public bodies. That constitutionally mandated procedure is R.S. 13:5101 et seq.
The statutory and the constitutional provisions cannot be read separately, but rather they must be construed together. In order for Section 5101 to be consistent with the constitutional provision, the phrase “expressly authorized by special or general law” must be read as those suits authorized by statute by the legislature that can specifically be brought against a public entity, such as R.S. 13:5110, R.S. 17:6, R.S. 17:51, etc.
. C.C.P. arts. 1871 et seq, the Declaratory Judgment Act, cannot be considered as the sort of general law contemplated by Section 5101. A declaratory judgment action is only a means of obtaining relief. It is not in and of itself a cause of action, but is instead a procedural vehicle which has as its purpose “to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations ...” C.C.P. art. 1881.
If an action against the state, a state agency or political subdivision is not *287 in contract or tort, and is not expressly authorized by law or resolution of the legislature, the action cannot be brought. See Two O’Clock Bayou Land Co. v. State, 415 So.2d 990 (La.App. 3rd Cir.1982); Willis v. Dept of Culture, Rec. & Tour., 535 So.2d 1162 (La.App. 2nd Cir.1988). Thus, the entire question of proper venue is pretermitted.
Under C.C.P. art. 927, an appellate court can, on its own motion, take notice that there is no cause of action. Talley v. Hughes, 481 So.2d 172 (La.App. 4th Cir.1985).
An exception of no cause of action tests the legal sufficiency of the petition and the documents annexed thereto, and all well pleaded allegations of fact are to be accepted as true. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984), reconsideration denied, 448 So.2d 1302. As set forth above, RMC’s petition does not set forth a cause of action in either contract or tort. Moreover, no special or general laws permit the filing of such an action, and nowhere has it been alleged that there has been a resolution allowing this suit. Therefore, because sovereign immunity has not been waived by either PNO, a state agency, or SBPHTD, a political subdivision of the state, there is no cause of action under which RMC can be granted relief at this time.
Accordingly, this writ is granted, the judgment of the. trial court is reversed and the matter is remanded to the trial court with orders to dismiss RMC’s petition without prejudice until such time as the legislature authorizes the filing of a petition for Declaratory Judgment.
WRIT GRANTED WITH ORDER.
KLEES, J., dissents with reasons.