WILLIAMS, J.
liThe defendants, Alex, LLC, d/b/a Nicky’s Mexican Restaurant of Minden, Elias Sifuentes and Los Hombres, Inc., appeal a judgment sustaining an exception of no right of action and a judgment in favor of plaintiff, John Hoffoss, as agent for Yvonne Hoffoss, ordering defendants to remove from their property any impediment to the natural drainage of surface water from plaintiffs property within 90 days from the date of judgment. Noting that the servitude of natural drainage involves real rights and obligations of ownership in immovable property, we conclude that the city court lacked subject matter jurisdiction in this case. Therefore, we vacate the judgments and dismiss the plaintiffs action without prejudice.
FACTS
Yvonne Hoffoss owns a tract of land with a house in Dixie Inn, Webster Parish. The adjoining'tract of land on the east side was lower in elevation. As a result, surface water naturally drained from the Hof- *663 foss property, the dominant estate, across the adjacent tract, the servient estate, into a ditch along a public highway. In 1991, the adjacent servient estate was purchased by Newt Brown Contractors, LLC (“Newt Brown”), which cleared the land and raised the elevation of the lot. After the contour of the property was elevated, the surface water from the Hoffoss tract appeared to continue draining as before for a number of years. Newt Brown later sold the land to D.D. Smith, Inc., which constructed a building on the property. In 2000, the land and building were leased to Alex, LLC, for operation of a Nicky’s Mexican Restaurant (“Nicky’s”). In 2011, the owner of Nicky’s, Elias Sifuentes, bought the property.
| gin June 2011, the Village of Dixie Inn performed repairs to seal holes in the sewer line running along the north boundary of the Hoffoss and Nicky’s tracts of land. In October 2011, Yvonne Hoffoss’s son, John Hoffoss, observed a significant im-poundment of water in the back yard of her property that did not drain. Hoffoss determined that apparently, the natural drainage from the Hoffoss property had been blocked by the increased elevation of the Nicky’s property, but the obstruction was not noticeable because the water was able to drain into the sewer due to the cracks in the line. However, once the sewer line was repaired in 2011, the surface water from the Hoffoss property did not have anywhere to go because the higher elevation of the Nicky’s property was blocking the natural drainage.
Subsequently, the plaintiff, John Hof-foss, as agent for Yvonne Hoffoss, filed a petition for damages in Minden City Court against the defendants, Alex, LLC, d/b/a Nicky’s Mexican Restaurant of Minden, Elias Sifuentes and Los Hombres, Inc. The plaintiff alleges that the increased elevation of the Nicky’s property has obstructed the servitude of natural drainage of water from the Hoffoss property. The defendants filed an answer and a third party demand alleging that Newt Brown was liable for any damages assessed against defendants. In response, Newt Brown filed exceptions of no right of action and prescription.
Prior to -trial, the city court sustained the exception of no right of action, finding that Newt Brown was not the proper party in an action to enjoin a neighbor from impeding a servitude or for damages, because it was l.gnot the owner of the neighboring estate. Following trial, the court issued written reasons, finding that the defendant, as current owner of the ser-vient estate, owes an obligation to not impede the flow of surface water. The trial court rendered judgment issuing a mandatory and prohibitory injunction directing the defendants to remove any impediment to the natural drainage of surface water from plaintiffs property within 90 days from the date of judgment. Defendants appeal the judgments.
DISCUSSION
Initially, we note that recovery in this case involves the rights and obligations of ownership of immovable property. Thus, we pretermit discussion of the assigned errors and address the issue of whether Minden City Court lacked subject matter jurisdiction to hear this case.
Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute or the value of the right asserted. LSA-C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which lacks subject matter ju *664 risdiction is void. LSA-C.C.P. art. 3. The issue of subject matter jurisdiction may be raised at any stage of an action, even by the court on its own motion. State v. James, 99-1670 (La.App. 4th Cir.2/23/00), 757 So.2d 811. An issue of subject matter jurisdiction raises a question of law that is reviewed de novo by the appellate court. Gandy v. Key Realty, L.L.C., 2013-712 (La.App. 3rd Cir.12/11/13), 128 So.3d 678.
|4A city court has no jurisdiction in any case involving title to immovable property. LSA-C.C.P. art. 4847(A)(1). The courts have interpreted this article to include actions in which real rights of ownership in immovable property are involved. Stephens v. Jones, 14 La.App. 113, 129 So. 555 (2d Cir.1930); Brown v. Rahman, 2007-1571 (La.App. 4th Cir.1/24/08), 977 So.2d 185.
A predial servitude is a charge on a servient estate for the benefit of a dominant estate. LSA-C.C. art. 646. A predial servitude is inseparable from the dominant estate and passes with that estate. The predial servitude continues as a charge on the servient estate when ownership changes. LSA-C.C. art. 650. The person who happens to be the owner of the servient estate is bound to allow the exercise of the right of servitude by the person who happens to be the owner of the dominant estate. Predial servitudes involve real rights which give rise to real obligations. Article 650, Revision Comment (c). The natural servitude of drainage obligates an estate situated below to receive the surface waters that flow naturally from an estate situated above. LSA-C.C. art. 655. The owner of the servient estate may not do anything to prevent the flow of water. The owner of the dominant estate may not do anything to render the servitude more burdensome. LSA-C.C. art. 656.
In the present case, the dispute concerns the real rights and real obligations of the parties arising from their ownership of the tracts of immovable property at issue. The plaintiffs claim that defendant, Sifuentes, owes a duty to remove the impediment to the exercise of | ¿plaintiffs servitude of drainage is based upon the defendant’s title to the servient estate and plaintiffs title to the dominant estate. Pursuant to Article 4847, the city court does not have jurisdiction to determine the legal rights and responsibilities derived from the parties’ title to immovable property. Thus, we conclude that the city court judgment issuing a mandatory injunction is void. In addition, the city court’s judgment granting the exception of no right of action is void because the court based its ruling on the defendant’s current ownership of the servient estate. Consequently, we shall vacate the judgments and dismiss the plaintiffs petition without prejudice.
CONCLUSION
For the foregoing reasons, the judgments rendered by the City Court of Min-den in this matter are vacated and the plaintiffs action is dismissed without prejudice. Costs of this appeal are assessed to the appellee, John Hoffoss, as agent for Yvonne Hoffoss.
JUDGMENTS VACATED; ACTION DISMISSED WITHOUT PREJUDICE.