Judgment rendered April 14, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,843-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

RODNEY G. THORNHILL                          Plaintiff-Appellant

versus

CYPRESS BLACK BAYOU                          Defendant-Appellee
RECREATION AND WATER
CONSERVATION DISTRICT

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 160181

Honorable Charles A. Smith, Judge

* * * * *

SHANNON THORNHILL BROWN          Counsel for Appellant,
                                 Rodney G. Thornhill

AYRES, SHELTON, WILLIAMS,         Counsel for Appellees,
BENSON & PAINE, LLC               Cypress Black Bayou
By: Lee H. Ayres                  Recreation and Water
    Alexandra E. Vozzella         Conservation District,
                                  Walter Bigby, Jerry
                                  Fowler, Mel Allen,
                                  and Gary Wyche

ANDREW C. JACOBS                    Counsel for Appellee,
                                    Robert Berry


* * * * *


Before PITMAN, GARRETT, and STONE, JJ.

**STONE, J.**

The appellant, Rodney G. Thornhill ("Mr. Thornhill"), filed a petition for declaratory judgment to determine his entitlement to relocate a servitude that burdens his property in favor of the appellee, Cypress Black Bayou Recreation and Water Conservation District ("the District"). The District filed an exception of lack of subject matter jurisdiction claiming sovereign immunity from a suit to determine a property right. The trial court sustained the exception. Mr. Thornhill now appeals. For the reasons stated herein, we reverse and remand for further proceedings.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In 1966, the District, in collaboration with the United States Department of Agriculture, Soil Conservation Service and the State of Louisiana, began the Cypress Black Bayou Watershed Project. This required the District to acquire all the property described in La. R.S. 38:2602 for the construction of Cypress Lake and Black Bayou Reservoir ("Black Bayou"). Pursuant to its federal mandate, the District was also required to obtain a "flowage easement" around the entire periphery of Cypress Lake and Black Bayou.

The District's powers and privileges are set forth in La. R.S. 38:2603[1] and La. R.S. 38:2608. The District is authorized, among other things, to make rules and regulations to protect and preserve the property owned or controlled by the District. Pursuant to the District rules and regulations,

---

[1] This statute declares the District to be a political subdivision of the state. Later in the statute, it also declares the District "shall constitute an agency of the State of Louisiana," which for the purposes of sovereign immunity, may be sufficient to find that it, in effect, stands in the shoes of the State. *See Smith v. Board of Comm'rs of La. Stadium & Exposition District*, 372 F. Supp. 3d 431, 439-40 (E.D. La. 2019).

no structure of any nature, type, or kind, either movable or immovable, permanent or temporary, is allowed to be constructed on any property owned by the District or subject to the District's flowage easement without a written permit issued by the District.

Mr. Thornhill owns immovable property immediately adjacent to Black Bayou, located at 1015 Linton Road, Benton, Louisiana. Mr. Thornhill acquired the property subject to the flowage easement in favor of the District by a deed dated March 27, 1991. On April 2, 1973, the District purchased, by deed, the flowage easement from the appellant's predecessor-in-title. The purpose of the flowage easement is to temporarily detain "any waters that may be impounded or detained for flood prevention purposes in connection with the Cypress-Black Bayou Watershed Project." The perpetual servitude was granted on the following described land situated in Benton, Bossier Parish, Louisiana:

> All that part of Tract No. 7 of the proposed CYPRESS-BLACK BAYOU RESERVOIR, SITE #2, as per map recorded in Conveyance Book 450, page 35, under Register Number 221988, Records of Bossier Parish, Louisiana, lying below the 190.3 M.S.L., easement line and above the 185.0 M.S.L., contour line, containing 3.2 acres, and being all that part of the Northwest Quarter of the Southeast Quarter (NW/4 of SE/4) lying West of the Vancaville-Linton Road in Section 10, township 19 North, Range 13 West, Bossier Parish, Louisiana, lying below the easement line and above the fee line as shown on said map.

The terms of the flowage easement are as follows:

> 1. The consideration recited herein shall constitute payment in full for all damage sustained by the grantor by reason of the construction of the works of improvement described above.[2]

_____

[2] Consideration was $112 and other good and valuable consideration.

2

2. This servitude includes the right of egress and ingress at any time over and upon the above described land of the grantor and any other land of the grantor adjoining said land.

3. There is reserved to the grantor, his heirs and assigns, the right and privilege to use the above described land of the grantor at any time, in any manner and for any purpose not inconsistent with the full use and enjoyment by the grantee, its successors and assigns, of the rights and privileges herein granted.

4. The grantee is responsible for operating and maintaining the above described works of improvement.

5. The grantee shall have the right to make and enforce reasonable regulations for the management of the aforesaid impounded waters for flood prevention purposes.

On April 7, 2017, apparently in response to Mr. Thornhill's desire to build a pool, the District sent Mr. Thornhill a letter notifying him that he could not build or construct any structure that would impinge upon the District's flowage easement, without first obtaining a permit from the District. On July 7, 2017, Mr. Thornhill submitted a full mitigation proposal prepared by a certified engineer. The proposal suggested relocation of the flowage easement to another portion of his property, so that Mr. Thornhill could build a swimming pool. On August, 25, 2017, the District held a special public meeting to consider Mr. Thornhill's permit request. Mr. Thornhill and his counsel were present at the meeting. Following the purported hearing on the matter, the District denied Mr. Thornhill's permit request.

On December 8, 2017, Mr. Thornhill sent a letter requesting that the District produce the title document that created and governs the "flow easement" on his property; that the District withdraw its cease and desist letter; and that the District agree to the relocation he previously requested.

3

The letter also stated that Mr. Thornhill was prepared to proceed with the necessary legal action to have the flowage easement relocated.

On August 16, 2019, Mr. Thornhill filed a petition for declaratory judgment pursuant to La. C.C. art. 748.[3]   Mr. Thornhill requested a judgment granting him permission to relocate the District's flowage easement to another equally convenient location.  On September 26, 2019, the District filed an exception of lack of subject matter jurisdiction, claiming that it was entitled to sovereign immunity from a suit to determine property rights by a private litigant.  On October 21, 2019, Mr. Thornhill filed an amended petition, re-urging his request for declaratory judgment and adding a claim that the District and its individual commissioners intentionally violated the Open Meetings Law.  On November 12, 2019, the District re-urged its exception of lack of subject matter jurisdiction and filed a motion to strike, motion for sanctions, peremptory exception of prescription, and partial peremptory exception of no cause of action in relation to the Open Meetings Law claim.

On February 27, 2020, after a hearing, the trial court signed a judgment sustaining the exception of lack of subject matter jurisdiction.[4]

In its written reasons the trial court stated:

> The Louisiana State Constitution only waives sovereign immunity in suits "in contract or for injury to a person or property." La. Const. Art. XII, Sec. 10.  Excepting these circumstances, a waiver of sovereign immunity must be specifically authorized by the legislature. *Id.* At the heart of Plaintiff's suit for declaratory relief against the Defendant-state entity is a claim for relocation of a servitude pursuant to

---

[3] Servitudes are categorized by the nature of the advantage or utility stipulated in the juridical act creating the servitude.  Predial servitudes pass with transfers of the servient estate.  *Guillotte v. Wells*, 485 So. 2d 187, 189 (La. App. 2 Cir. 1986).

[4] The trial court also sustained the motion to strike, exception of prescription, and partial exception of no cause of action.  The trial court denied the motion for sanctions.

Louisiana Code of Civil Procedure article 748. In *Two O'Clock Bayou Land Co., Inc. v. State*, the Louisiana court of Appeal, Third Circuit affirmed the trial court's granting of a peremptory exception based on sovereign immunity. 415 So. 3d 990, 993 (La. 3 Cir. 1982). Rejecting the assertion that sovereign immunity had been waived, the court reasoned that a petitory action is not a suit in contract nor for injury to a person or property, but rather to determine title and ownership of land. *Id.* at 992-93.

This Court agrees with the Third Circuit's reasoning in *Two O'Clock Bayou* in that the legislature does not waive sovereign immunity in "other suits against the state" or a political subdivision (as required by La. Const. Art. XII, Sec. 10) where the action is neither one for which damages arise from liability in contract or injury to person or property. Though this suit may involve the consideration of a state contract, the nature of the action is not one for which damages may have arisen from the breach of any contract with the State nor for the specific performance thereof 415 So. 2d at 993. Because Plaintiff, here seeks declaratory relief against the District as to relocation of a servitude, this Court lacks the subject matter jurisdiction as the Louisiana Legislature has not authorized a limited waiver of sovereign immunity in such property action.

Mr. Thornhill now appeals from the trial court's judgment granting the District's exception of lack of subject matter jurisdiction.[5] Mr. Thornhill makes two assignments of error: (1) the trial court erred in holding that the District is entitled to sovereign immunity because the Louisiana Constitution has not waived the District's sovereign immunity for a suit to determine the relocation of a servitude; and (2) because the trial court held that sovereign immunity has not been waived, the trial court erred in failing to consider

---

[5] On May 8, 2020, the District filed an opposition to the motion for devolutive appeal on the grounds that the ruling did not constitute a "final judgment" and was therefore not appealable. On October 5, 2020, the trial court signed an order granting Mr. Thornhill's motion to dismiss his remaining claims for Open Meetings Law violation. On December 9, 2020, this Court issued an order directing Mr. Thornhill to show cause why his appeal should not be dismissed for lack of certification of the February 27, 2020, judgment as a final and immediately appealable judgment. On January 6, 2021, this Court was provided a signed, joint order certifying the February 27, 2020, judgment as final and immediately appealable. As such, the rule to show cause was rescinded.

5

whether the enabling statute granting the District its purported authority is unconstitutional.

## DISCUSSION

*Sovereign Immunity*

The issue before this Court is whether the trial court was correct in sustaining the District's exception of lack of subject matter jurisdiction based upon sovereign immunity. Mr. Thornhill argues that his suit is subject to the waiver of sovereign immunity as set forth in La. Const. art. XII, § 10.

"A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, unless they elect to waive that defense." *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30, 132 S. Ct. 1327, 182 L. Ed. 2d 296 (2012). The Louisiana Constitution expressly waives sovereign immunity for "contracts or for injury to a person or property." La. Const. art. XII, § 10, in pertinent part, provides:

> (A) No Immunity in Contract and Tort. *Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract* or for injury to person or property.

> (B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability. (Emphasis added).

Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La. C.C.P. art. 2. A judgment rendered by a court which lacks subject matter jurisdiction is void. La. C.C.P. art. 3. An issue of subject matter jurisdiction raises a question of law that is reviewed *de novo* by the

appellate court. *Hoffoss v. Alex, LLC*, 49,649 (La. App. 2 Cir. 3/4/15), 162 So. 3d 661, 664.

Title IV of Book II (Things and the Different Modifications of Ownership) of the Louisiana Civil Code addresses predial servitudes, which are defined as a charge on a servient estate for the benefit of a dominant estate where the two estates belong to different owners. La. C.C. art. 646. Predial servitudes are classified as conventional, when established by contract. La. C.C. art. 654; *Leblanc v. Trappey*, 02-1103 (La. App. 3 Cir. 2/5/03), 838 So. 2d 860, 863, *writs denied*, 03-0651, 03-0684 (La. 5/2/03), 842 So.2d 1107, 1109.[6]

La. C.C. art. 697 provides the following framework governing the use and extent of predial servitudes: (1) the extent and uses of the servitude are governed by the provisions in the title (deed) by which the servitude was created; and (2) in the absence of governing provisions in the deed, these matters are governed by La. C.C. arts. 698 through 774. *Leblanc v. Trappey, supra.* Thus, La. C.C. art. 748 is merely a "default" or "suppletive" rule.[7]

Mr. Thornhill's action sounds in contract and comes within the waiver of sovereign immunity for contract suits. The flowage easement which burdens Mr. Thornhill's property was established by deed, *i.e.*, a contract. The question of whether Mr. Thornhill is entitled to move the flowage easement must be determined according to the provisions of that deed. Only if the deed is silent in that regard does La. C.C. art. 748 become operative; in

---

[6] Servitudes are categorized by the nature of the advantage or utility stipulated in the juridical act creating the servitude. Predial servitudes pass with transfers of the servient estate. *Guillotte v. Wells*, 485 So. 2d 187, 189 (La. App. 2 Cir. 1986).

[7] For a thorough explanation of the distinction between default/suppletive rules and mandatory (or imperative) rules, see *E.L. Burns Co., Inc. v. Cascio,* 302 So. 2d 297, 300 (La. 1974), and the authorities cited therein.

that case, La. C.C. art. 748 in effect becomes a part of the deed. La. C.C. art. 697. Either way, the matter is a contractual dispute and sovereign immunity does not apply. La. Const. art. XII, § 10(A).

The trial court's reliance on *Two O'Clock Bayou Land Co., Inc. v. State,* 415 So.2d 990 (La. App. 3 Cir. 1982),[8] was misplaced. Unlike the instant case, *Two O'Clock Bayou* involved a petitory action (a suit to determine ownership of property), which is classified as an "other suit," under La. Const. art. XII, §10(B). Sovereign immunity applies to such "other suits" unless there is a specifically applicable legislative waiver of sovereign immunity. *Id.* The instant case is a suit in contract explicitly covered by the waiver of sovereign immunity in La. Const. art. XII, § 10(A).

The trial court erred in sustaining the District's exception of lack of subject matter jurisdiction. We reverse the trial court's ruling sustaining the District's exception of lack of subject matter jurisdiction and remand the matter for further proceedings.

### Constitutionality of La. R.S. 38:2603

Mr. Thornhill's final assignment of error asserts that La. R.S. 38:2603 is unconstitutional. The Louisiana Supreme Court explained in *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La.11/20/94), 646 So. 2d 859, 864-65, that the unconstitutionality of a statute must be specially pleaded in the trial court.

The issue of constitutionality was first raised in Mr. Thornhill's opposition to the District's exception of lack of subject matter jurisdiction. As explained in *Vallo v. Gayle Oil Co., Inc., supra*, a memorandum is not a

---

[8] Two O'Clock Bayou Land Company, Inc., filed suit against the State seeking a declaratory judgment to be determined the owner of the bed of the bayou within certain sections of land patented by the State in 1860 to the plaintiff's ancestor in title. The State filed peremptory exceptions of sovereign immunity and no cause of action. Following a hearing, the trial court sustained the State's exception of sovereign immunity.

8

pleading recognized under the Code of Civil Procedure and is therefore not a proper method to challenge the constitutionality of a statute. As such, this claim was not properly raised in the trial court and is not properly before us.

## CONCLUSION

For the reasons set forth above, the trial court's ruling sustaining the District's exception of lack of subject matter jurisdiction is REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

The total costs of this appeal is fixed at $1,520.00 and are assessed to Appellee.