HALL, Judge.
Plaintiff brought this suit in the First City Court for the City of New Orleans seeking to recover the sum of $173.56 representing one-half of the cost of a party fence. Following trial on the merits judgment was rendered dismissing plaintiff’s suit as of non-suit at his cost and plaintiff appealed. Defendants neither appealed nor answered plaintiff’s appeal.
Plaintiff’s suit is predicated on the provisions of Article 4502 of the Building Code of the City of New Orleans (Ordinance No. 17525 Commission Council Series). This article provides in substance that everyone has a right to compel his neighbor to contribute one-half of the cost of building a party fence separating their properties provided such fence is of the type and is built according to the specifications therein set forth. The article further provides that when the owner of a lot desires to build a party fence he shall give written notice to the owner or owners of the adjoining lots, and upon refusal of such owner or owners to join in the building of the party fence and after ten days from the delivery of such notice the owner desiring to build the fence may proceed to build a fence of the type and according to the specifications set forth in the ordinance and shall be entitled to recover from such adjoining owner or owners one-half of the cost thereof.
Made defendants in suit are Edmond G. Miranne and Miranne Enterprises Inc., a corporation wholly owned by Miranne and his wife and of which Miranne is president. Solely for convenience we hereafter refer to both Miranne and his corporation as “the defendant,” without distinction between them.
The record shows that plaintiff and defendant own adjoining properties; that plaintiff was desirous of building a party fence and discussed the matter with defendant. Plaintiff insisted on building a board fence of the type specified in the ordinance but defendant wanted a different kind of fence to wit a chainlink fence and the parties reached no agreement. Thereafter plaintiff instructed his attorney to give defendant the ten day written notice provided by the ordinance. Plaintiff’s attorney testified that he did so. However defendant insists that no such notice was ever received. Plaintiff proceeded to build the prescribed type of fence at a cost to him of $347.12 and brought this suit to recover one-half of such cost.
The only questions presented for resolution are:
(1) Was proper written notice delivered to defendant prior to erection of the fence?
(2) Is the fence on the dividing line between the properties so as to properly constitute a “party fence”?
We pretermit any discussion of the first question because in our opinion the answer to the second question will dispose of the case.
Article 4501 of the New Orleans Building Code reads in part as follows:
“A fence is an erection constructed of wood or metal between two contiguous estates so as to divide them * * *
“He who first builds a fence may erect said fence on the property line but cannot compel his neighbor to contribute to the erection of said fence except as provided in Article 4502.”
The following Article (4502) reads in part:
“Everyone has a right to compel his neighbor to contribute to the making and repairing of the fences held in common by which their houses, yards and gardens are separated * * * ”
It is clear from the provisions of the Building Code that an owner has no right to compel his neighbor to contribute to the cost of a party fence unless such fence is erected on the property line separating their properties.
*624 Plaintiff bore the burden in this case to prove that the fence which he erected was on the property line separating his property from defendant’s. In our opinion he failed to sustain this burden. We find no necessity for discussing in detail the proof adduced by him. All that he proved to our satisfaction is that he erected the fence in the exact location of an old combination wood and wire fence which had decayed and portions of which had fallen down. This fence according to plaintiff’s testimony had stood in this location over forty years.
At the outset of the trial plaintiff by means of a subpoena duces tecum compelled the production of defendant’s title. The description in defendant’s deed refers to and is based upon a survey made by J. J. Krebs & Sons, surveyors, on May 26, 1958, and resurveyed and certified correct on February 27, 1962, copy of which is attached to the title deed. This survey plainly shows that the old fence referred to by plaintiff is not situated on the line dividing the properties of plaintiff and defendant but is actually entirely on defendant’s property upon which it encroaches from 0.5' at one end to 1.83' at the other end.
It is noted that referred to in plaintiff’s petition and attached thereto is a copy of a survey of plaintiff’s property made by E. L. Eustis, surveyor,-on February 5, 1921. This shows a fence on defendant’s property line but there is a plain discrepancy between the Eustis survey and the Krebs survey in that the Eustis survey locates plaintiff’s property closer to the corner of Monticello Avenue and Jeannette Street than does the Krebs survey which would account for Eus-tis placing the fence on the property line. The Eustis survey was not referred to in the testimony nor was it offered in evidence.
Plaintiff in our opinion has failed to sustain the burden of showing that the fence was erected on the dividing line, and is not entitled to recover half the cost thereof. It may be that the situation calls for an action in boundary or some other action involving title, but no such actions can be engrafted on these proceedings. Moreover, the First City Court would have no jurisdiction thereof. (See Article VII, Section 91' of the Constitution; LSA-C.C. P. Art. 4835).
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.