465 So.2d 225 (1985)
Irving WARD-STEINMAN, Plaintiff-Appellee,
v.
C. Edward KARST, Defendant-Appellant.
No. 84-120.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
*226 Edward Karst, Alexandria, in pro. per.
David A. Sheffield, Alexandria, for plaintiff-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
C. Edward Karst appeals a judgment of the City Court of Alexandria evicting him from the residential property described as Apt B., 925 Johnston Street, in a summary proceeding brought by his lessor, Irving Ward-Steinman. We affirm.
After giving notice to Karst to vacate the premises, Ward-Steinman filed a rule alleging that he was a landlord and Karst a tenant, and demanded an eviction for non-payment of rent. Karst filed a declinatory exception of jurisdiction of the city court, which was referred to the merits. At the hearing on the rule the court heard evidence on the exception, and overruled the exception and granted judgment ordering Karst to vacate the premises.
Karst's defense in the case, as well as the basis for his exception of jurisdiction, was that he was a one-half owner of the premises, and that he therefore occupied one-half of the premises not as a tenant but as an owner. Having thus put Ward-Steinman's ownership at issue, Karst contended that the city court was deprived of jurisdiction under La.C.C.P. art. 4848(1), which provides that a city court has no jurisdiction in a case involving title to immovable property.
We will discuss the jurisdiction question first. The trial judge concluded from the evidence presented that Ward-Steinman was the apparent owner of the property, and that he was a lessor and Karst a lessee. Under La.C.C.P. art. 4701, it was incumbent on Ward-Steinman, in order to evict based on the cessation of the lessee's right of occupancy because of the non-payment of rent, to prove (1) a lease, (2) grounds for the eviction, and (3) that written notice to vacate was delivered to the tenant. The trial court found that there was a lease, calling for $200 a month rent, that Karst was behind on the rent, and that written notice to vacate had been properly delivered. The trial court also expressly found that there was "prima facie evidence of [Ward-Steinman's] ownership... sufficient for an eviction", and that Karst "possessed as a tenant and had no semblance of claim [or] title or possession as owner."
On these facts, Ward-Steinman was entitled to use the Code of Civil Procedure articles on eviction and to avail himself of the jurisdiction of the city court.
The subject matter jurisdiction of a city court in eviction proceedings is provided by C.C.P. art. 4845, which reads in pertinent part:
"A. A parish court or city court shall have jurisdiction, concurrent with the district court, over suits by owners and landlords for the possession of leased *227 premises within its territorial jurisdiction, as follows:
* * * * * *
"(3) Where the lease is by the month and the monthly rental is one thousand five hundred dollars or less.
* * * * * *
"D. In computing the jurisdictional amount for purposes of eviction suits, the daily, weekly, monthly, annual, or other rental provided by the lease, exclusive of interest, penalties, or attorney fees, shall determine the amount in dispute."
The amount in dispute was $200, falling well within the jurisdiction of the city court as above provided.
Karst's effort to put ownership at issue and thereby defeat city court jurisdiction was properly rejected. As stated by the Second Circuit in Rankin v. Garland, 392 So.2d 182 (La.App. 2nd Cir.1980):
"The CCP articles on eviction were designed to give an owner of immovable property (CCP 4702) summary means to evict an occupant without fulfilling the burden of delay required in a petitory action. CCP 4702. See Skannal v. Jones, 384 So.2d 494 (La.App. 2d Cir. 1980); Todt v. Santani, 167 So.2d 475 (La.App. 4th Cir.1964). CCP 4705 expressly states that the eviction procedure shall not be construed to conflict with the articles relating to actions to determine ownership or possession (CCP 3651-3664)."
The remaining assignments of error concern findings of fact of the trial court and, being credibility determinations and inferences that the trial court is in a better position to make, these findings are entitled to great weight. Canter v. Koehring, 283 So.2d 716 (La.1973). Besides that, the record does not contain a transcript of testimony taken at the time of the trial, and the parties were unable to agree on a written narrative of facts, nor was there a written narrative of facts by the trial judge as required by La.C.C.P. arts. 2130 and 2131. However, the trial judge gave written reasons for judgment, and under the jurisprudence we are permitted to consider those written reasons in lieu of the narrative of facts. Moity v. Guillory, 430 So.2d 1243 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1148 (La.1983). Our review of the record is necessarily limited to a review of the reasons for judgment. Based on that review, we find no error.
For these reasons, the judgment appealed from is affirmed, appellant to pay costs of this appeal.
AFFIRMED.