# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 04-680

**CHARLES R. KING**

**VERSUS**

**YOUNG PROPERTIES, ET AL**

**************
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, DOCKET NUMBER 81338
HONORABLE MARILYN C. CASTLE, PRESIDING

**************
**SYLVIA R. COOKS**
**JUDGE**
**************

Court composed of Sylvia R. Cooks, John D. Saunders, and Oswald A. Decuir, Judges.

**AFFIRMED in part and REVERSED in part.**

Charles R. King
Attorney at Law (In Proper Person)
1421 North Avenue "H"
Crowley, Louisiana 70526
(337) 783-8093
COUNSEL FOR APPELLANT:
     Charles R. King

Thomas K. Regan
Attorney at Law
P.O. Drawer 688
Crowley, Louisiana 70527
(337) 783-7141
COUNSEL FOR APPELLEE:
     Walter Mouton

Lyle O. Fogleman, Jr.
Attorney at Law
P.O. Box 1999
Crowley, Louisiana 70527
(337) 788-1111
COUNSEL FOR APPELLEE:
Young Properties through its agent, Tracy Young

**COOKS, Judge.**

### STATEMENT OF THE CASE

This is a dispute over the financial responsibility for the removal and/or trimming of a water oak tree located on the boundary between property owned by the Plaintiff/Appellant, Charles King and Defendant/Appellee, Young Properties, LLC (Young). Branches of the tree also extend over the property of an adjoining neighbor, Walter Mouton, Jr. All parties live in Killmer Addition, a dedicated subdivision in Crowley. Mr. King filed suit in the Crowley City Court, Small Claims Division, under La.R.S. 13: 5200 et seq., against Young. He sought relief under Louisiana Civil Code Article 688, which provides, in relevant part:

> A landowner has the right to demand that the branches or roots of a neighbor's trees, bushes, and plants, that extend over or into his property be trimmed at the expense of the neighbor.
> A landowner does not have this right if the roots or branches do not interfere with the enjoyment of his property.

Mr. King alleges the tree belongs to Young and the overhanging branches of the tree caused damage to his garage/carport area. He sought reimbursement for the expenses incurred in repairing his property and sought to have Young bear any future expense to keep the tree branches trimmed and away from his garage. Young answered the petition asserting: "We believe the tree is on the property line. We also have no problem with Mr. King cutting the tree down at his expense." Young relied on Louisiana Civil Code Article 687, which provides, in relevant part:

> Trees, bushes, or plants on the boundary are presumed to be common unless there be proof to the contrary.
> An adjoining owner has the right to demand the removal of trees, bushes, or plants on the boundary that interfere with the enjoyment of his estate, but he must bear the expense of removal.

Trial was held in City Court, Small Claims Division on September 23, 2002. The trial court found the tree was on the boundary line between the properties of King

3

and Young and, therefore, found Louisiana Civil Code Article 687 applicable.

The judgment became final and under the Small Claims Act no appeal was afforded to Mr. King. Mr. King then filed a Petition to Annul Judgment in City Court. He alleged the Crowley City Court, Small Claims Division, lacked subject matter jurisdiction because the dispute involved title to immovable property. He relied on La.Code Civ.P. art. 4847(A)(1) which provides in relevant part:

> A. Except as otherwise provided by law, a parish court or city court has no jurisdiction in any of the following cases or proceedings:
> (1) A case involving title to immovable property.

Mr. King's argued that ownership of the tree is dependent on its location in relation to the boundary line between the two properties. The City Court was obligated to determine the location of the boundary line, which is outside of its jurisdictional competence.

Mr. King then filed a petition entitled "Civil Suit - Boundary Action" in the Fifteenth Judicial District Court for the Parish of Acadia. He again alleged the claim involved title to immovable property. He named Young as a defendant. He also named Walter Mouton, Jr. as an additional defendant. Mr. King argued since Mr. Mouton is an adjacent property owner and the branches of the tree extend over his property, his property is burdened with a predial servitude in favor of the owner of the tree. Mr. King contends in his petition Mr. Mouton is obligated to allow Mr. King or Young to enter his property with a "bucket truck and any other vehicles or equipment that the arborist deems necessary in order" to remove and/or trim the tree. He also alleges "[s]hould Mouton not allow the use of a bucket truck on his property so that the arborist must use some alternate method such as climbing the tree to do the work, then before the work starts Mouton must pay to Plaintiff the difference in cost between the alternate method and the use of a bucket truck. In addition, Mouton is

4

to be totally responsible for any injuries or damage to property which may occur as a result of using the alternate method." Mr. King relied on La.Civ.Code art. 688 and argued the following at the motion hearing:

> My contention is the servitude runs with the branches and the roots of the tree. Whoever owns the tree, wherever those branches and roots go, there goeth the servitude. And, since Young would own the tree, he would have the right to get on that property to either trim the tree or to remove it. And that's especially true if a claim is made that disturbs the ownership of the property.
> So I believe that's what the civil code articles are talking about. Whoever owns the tree owns all of it. And, wherever the roots and branches go, the owner of the tree has a right to go there and perform work of trimming or removal. And that's what the civil code articles are talking about.

Young filed a Peremptory Exception of Res Judicata asserting the claim was already litigated in the Crowley City Court. Mr. Mouton filed an Exception of No Cause of Action. A hearing was held on both motions. The trial court granted the Exception of Res Judicata and the Exception of No Cause of Action and dismissed Mr. King's petition. For the reasons assigned below, we affirm the trial court's decision on the Exception of No Cause of Action, but reverse on the Exception of Res Judicata.

## LAW AND ARGUMENT

*Res Judicata*

Louisiana law on *res judicata* is embodied in La. R.S.13: 4231, which provides, in relevant part:

> Except as otherwise provided by law, a *valid* and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> 1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> 2) If the judgment is in favor of the defendant, all causes of action

existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated or determined if its determination was essential to that judgment. (Emphasis added.)

In *Kelty v. Brumfield*, 93-1142 (La.2/25/94),633 So.2d 1210, the Louisiana Supreme Court addressed the issue of whether res judicata applied to prior court judgments which adjudicated future medical expenses.  The court stated:

Although our res judicata rules have been revised recently, La.R.S. 13:4231 (Act 521 of 1990), the basic principles that govern the present case have not changed.  To have any preclusive effect a judgment must be valid, that is, among other things, it must have been rendered by a court with jurisdiction over the subject matter. *Id.* comment (d).  A claim is not barred by res judicata if the court in which the first action was brought lacked subject matter jurisdiction to adjudicate that claim.  Id.; See *Cullen v. Margiotta*, 811 F.2d 698 (2nd Cir. 1987), citing *Salwen Paper Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 72 A.D.2d 385, 424 N.Y.S.2d 918 (2d Dep't 1980); Restatement (Second) of Judgments §26(1)(c) (1982). The applicability of res judicata depends on the valid jurisdiction of the court which rendered the judgment, just as the applicability of lis pendens depends upon the valid jurisdiction of the court in the first suit. *Slater v. Slater*, 336 So.2d 965 (La.App. 4th Cir.1976); *Sims v. Sims*, 247 So.2d 602 (La.App. 3d Cir.1971).  See, La.Code Civ.P. arts. 2, 3, 2002, 2003; *Tucker v. New Orleans Laundries, Inc.*, 238 La. 207, 114 So.2d 866 (1959); *Watts v. Town of Homer*, 301 So.2d 729 (La.App. 2d Cir.1974).

*Id.* at 1215.

Our first inquiry is whether the Crowley City Court, Small Claims Division was competent to hear this dispute.  Jurisdictional limitations for city courts are provided in La.Code Civ.P. art. 4847(A)(1), which provides, in relevant part:

A.  Except as otherwise provided by law, a parish court or city court has *no jurisdiction* in any of the following cases or proceedings:
(1) A case involving *title to immovable property* (emphasis added.)

Louisiana Civil Code Article 462 provides, in relevant part:

Tracts of land, with their component parts, are immovables.

6

Louisiana Civil Code Article 463 provides, in relevant part:

> Buildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or ungathered fruits of trees, are component parts of a tract of land when they belong to the owner of the ground.

Under these provisions the tree is a component part of the land and is, therefore, considered an immovable. The primary issue in this case is who owns the tree, an immovable, and the rights and obligations of the landowners. There is no dispute as to the location of the boundary between the properties. The boundary lines of Killmer Addition are established by a Plat of Survey filed in the record. Young contends because this case does not involve a boundary dispute, the City Court had jurisdiction. We disagree. The Small Claims Court had no jurisdiction to determine the legal responsibility of parties in a dispute involving ownership (title) to immovable property. The judgment of the Small Claims Court is invalid and cannot be used as a basis to assert an exception of *res judicata*.

*Exception of No Cause of Action*

Mr. King contends Mr. Mouton's property is burdened with a servitude in favor of the owner of the tree. He argues Mr. Mouton is obligated to allow Mr. King or Young to enter his property with a "bucket truck and any other vehicle or equipment" to trim or remove the tree. Mr. King contends because the branches of the tree extend over Mr. Mouton's property, his property is burdened with a predial servitude. Mr. King does not cite nor can we find a codal article which would create such a burden on Mr. Mouton's property. Louisiana Civil Code Article 646 provides "[a] predial servitude is a charge on a servient estate for the benefit of a dominate estate." Predial servitudes are either "natural, legal, and voluntary or conventional." La.Civ.Code art. 654. It is Mr. Mouton who has the right under La.Civ.Code art. 688 to demand that the owner of the tree remove branches overhanging his property which may interfere

7

with the enjoyment of his property.  Mr. Mouton is and remains a disinterested party. He has asserted no claim against either Mr. King or Young regarding the tree.  We affirm the decision of the trial court and find Mr. King has failed to state a cause of action against Mr. Mouton.

**DECREE**

Based on the foregoing review of the record, we reverse the decision of the trial court on the Exception of Res Judicata and affirm the decision of the trial court on the Exception of No Cause of Action.  All costs of this appeal are to be divided between Charles R. King and Young Properties, et al.

**AFFIRMED IN PART AND REVERSED IN PART.**