MAX N. TOBIAS, JR., Judge.
hThe defendant/relator, Zakary Rahman (“Mr. Rahman”),, filed an application for supervisory writs of certiorari and/or mandamus following the denial of his exception of lack of subject matter jurisdiction. For the reasons that follow, we grant the writ application for supervisory writs and dismiss the suit filed against him without prejudice.
On 17 August 2007, the plaintiffs, Ophelia and George N. Brown (“the Browns”), filed a petition for damages and injunctive relief against Mr. Rahman, wherein they allege that Mr. Rahman constructed a fence that enclosed both his property and their adjacent property. They further allege that Mr. Rahman is trespassing on their property and using it without permission. In addition to monetary damages, the Browns seek injunctive relief.
Mr. Rahman filed a declinatory exception of lack of subject matter jurisdiction, on the basis that pursuant to La. C.C.P. art. 4847 (previously La. C.C.P. art. 4835), the First City Court of New Orleans does not jurisdiction over proceedings “involving title to immovable property.” In response, the Browns | ^argued that the cases cited by Mr. Rahman did not support his position. The exception was denied.
We find that the trial court erred in denying the exception of lack of subject matter jurisdiction. La. C.C.P. art. 4847A(1) clearly states that the First City Court does not have jurisdiction over “[a] case involving title to immovable property.” We agree with Mr. Rahman that the courts have interpreted this article to include boundary disputes and other real rights in and to immovable property. In Geier v. Miranne, 199 So.2d 622 (La.App. 4 Cir.1967), this court recognized that the First City Court does not have jurisdiction over actions in boundary or other actions involving title to immovables. In King v. Young Properties, 04-0680, pp. 6-7 (La.App. 3 Cir. 10/27/04), 893 So.2d 895, 899, writ denied, 05-0662 (La.4/29/05), 901 So.2d 1076, the court held that the Crowley City Court lacked jurisdiction to hear a dispute over ownership of a tree because under La. C.C. arts. 462 and 463,[1] a tree is considered immovable property.
*187 In the instant case, the dispute concerns the legal boundary of two pieces of land and the location of a fence that was built between those two immovables. Therefore, we find that the First City Court does not have jurisdiction to hear this |scase. Accordingly, we grant the application for supervisory writs and dismiss the plaintiffs’ petition without prejudice.

WRIT GRANTED; REVERSED AND RENDERED.

. La. C.C. art. 462 provides in pertinent part: Tracts of land, with their component parts, are immovables.
La. C.C. art. 463 provides in pertinent part:
Buildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or ungathered fruits of trees, are component parts of a tract of land when they belong to the owner of the ground.