STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-712

LOUIE GANDY, ET UX.

VERSUS

KEY REALTY, L.L.C.

**********

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, DOCKET NO. 123,511
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.

Thomas D. Davenport, Jr.
The Davenport Firm, APLC
602 Murray Street
Alexandria, Louisiana 71301
(318) 445-9696
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Louie Gandy and Marion Gandy

**Randall B. Keiser**
**D. Heath Trahan**
**Keiser Law Firm, P.L.C.**
**Post Office Box 12358**
**Alexandria, Louisiana 71315**
**(318) 443-6168**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Key Realty, LLC**

**Ricky L. Sooter**
**Jeremy C. Cedars**
**Provosty, Sadler, deLaunay, Fiorenza & Sobel**
**934 Third Street, Suite 800**
**Post Office Drawer 1791**
**Alexandria, Louisiana 71309-1791**
**(318) 445-3631**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Liz Merryman, Inc. and Liz Merryman**

**GENOVESE, Judge.**

Plaintiffs, Louie and Marion Gandy, appeal the city court's grant of the exceptions of lack of subject matter jurisdiction filed on behalf of Defendant, Key Realty, L.L.C., and Defendants, Liz Merryman, Inc. and Liz Merryman. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Louie and Marion Gandy (collectively referred to as Mr. Gandy) are the owners of a house and lot located in Pineville, Louisiana, upon which two trees were located near its boundary line. When the trees were cut and removed without his consent, Mr. Gandy instituted this litigation in Alexandria City Court (City Court) naming as Defendants, Key Realty, L.L.C. (Key Realty), and Liz Merryman, Inc. and Liz Merryman (Merryman), asserting that the Defendants lacked the "legal authority to have these trees killed, destroyed and/or removed."

Although Mr. Gandy asserted that the trees were located upon his property, Key Realty and Merryman contended that the trees were located upon the boundary line of Mr. Gandy's property and that of the adjacent landowner; thus, they were in fact owned in common pursuant to La.Civ.Code art. 687.[1] In claiming that the trees were deemed immovable property, Key Realty and Merryman each excepted to Mr. Gandy's petition on the grounds that City Court, a court of limited jurisdiction, lacked subject matter jurisdiction over this suit "involving title to

---

[1] Louisiana Civil Code Article 687 provides as follows:

Trees, bushes, and plants on the boundary are presumed to be common unless there be proof to the contrary.

An adjoining owner has the right to demand the removal of trees, bushes, or plants on the boundary that interfere with the enjoyment of his estate, but he must bear the expense of removal.

immovable property" pursuant to La.Code Civ.P. art. 4847.[2]  Following a hearing, the City Court issued written reasons granting the exceptions and signed a judgment in accordance therewith.  Mr. Gandy appeals.

## ASSIGNMENT OF ERROR

On appeal, Mr. Gandy asserts that the City Court erred in granting the exceptions of lack of subject matter jurisdiction filed on behalf of Key Realty and Merryman.

## LAW AND DICUSSION

Mr. Gandy asserts that the City Court erred in granting the exceptions of lack of subject matter jurisdiction since this "case does not present a question of ownership or title to immovable property stemming from a party trespassing upon the other parties' land, where a theft of timber occurred[.]"  We disagree.

An issue of subject matter jurisdiction raises a question of law which is reviewed de novo to determine whether the lower court was legally correct. *Chavers v. Bright Truck Leasing*, 06-1011 (La.App. 3 Cir. 3/12/06), 945 So.2d 838, *writ denied*, 07-304 (La. 4/5/07), 954 So.2d 141. Therefore, in this case, we must decide whether the City Court's determination that it lacked subject matter jurisdiction over Mr. Gandy's claims was legally correct.

Louisiana Code of Civil Procedure Article 2 defines subject matter jurisdiction as "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted."  The subject matter jurisdiction of a city court is limited, and its jurisdiction to adjudicate matters

---

[2] Louisiana Code of Civil Procedure Article 4847(A)(1) provides for the limited civil jurisdiction of parish and city courts and excludes from said jurisdiction "[a] case involving title to immovable property."

"involving title to immovable property" is expressly prohibited by La.Code Civ.P. art. 4847(A)(1).

Pursuant to La.Civ.Code art. 462, "Tracts of land, with their component parts, are immovables." Additionally, La.Civ.Code art. 463 provides: "Buildings, other constructions permanently attached to the ground, standing timber, and unharvested crops or ungathered fruits of trees, are component parts of a tract of land when they belong to the owner of the ground."

In this case, when considering the exceptions of lack of subject matter jurisdiction, the City Court reasoned as follows:

> The defendants in this litigation have filed this exception on the basis that the court lacks subject matter jurisdiction pursuant to LSA-C.C.P. Article 4847 (A) (1) that provides that city courts do not have jurisdiction over cases involving title to immovable property. This case involves a claim by the plaintiff to recover damages for removal of trees owned by the plaintiff.
>
> At first blush[,] it appears that Louisiana Code of Civil Procedure Article 4847(A) (1) is an attempt to divest city and parish courts of the authority to determine title to real estate between parties when that is the issue before the court. However, the Louisiana Third Circuit Court of Appeals determined in a similar situation that a small claims court had no jurisdiction to determine ownership or title to a tree since a tree was a component part of immovable property. [*King v. Young Properties*, 04-680 (La.App. 3 Cir. 10/27/04), 893 So.2d 895, *writ denied*, 05-662 (La. 4/29/05), 901 So.2d 1076]. The court must determine if the plaintiffs are owners of the trees in question to decide this case. Accordingly, the [*King*] case mandates that the court grant this [e]xception.

*King*, 893 So.2d 895, involved a dispute over the responsibility for a tree located on the boundary of property owned by the plaintiff and the defendant, an adjacent landowner. Mr. King brought suit in Crowley City Court, Small Claims Division, alleging that the tree belonged to the defendant and that its branches caused damage to his garage. However, the defendant responded, asserting that the tree was actually located on the property line. Following a trial in Crowley City Court, the court determined that the tree was located on the boundary line between

3

the parties; thus, La.Civ.Code art. 687 applied. This court, in considering an exception of res judicata raised in subsequent proceedings, first had to determine whether Crowley City Court had subject matter jurisdiction to adjudicate the initial claim.

On appeal, after quoting the provisions of La.Civ.Code arts. 462 and 463, we stated in *King*: "Under these provisions[,] the tree is a component part of the land and is, therefore, considered an immovable. The primary issue in this case is who owns the tree, an immovable, and the rights and obligations of the landowners." *Id.* at 899. Accordingly, this court held that the Crowley City Court "had no jurisdiction to determine the legal responsibility of parties in a dispute involving ownership (title) to immovable property. The judgment of the Small Claims Court is invalid and cannot be used as a basis to assert an exception of res judicata." *Id.*

In the case at bar, Mr. Gandy argues that the City Court erred in reaching its conclusion and attempts to distinguish *King* on the grounds that the present litigation is not between landowners. He argues that "[i]n this case, the [c]ourt is not called upon to determine who owns the tree and/or the rights and obligations of landowners." Because neither Key Realty nor Merryman claim ownership of the trees, Mr. Gandy concludes that the City Court would not be required to rule upon "the legal responsibility of the parties involving ownership (title) to the immovable property." We disagree.

We agree with the City Court that an essential element of Mr. Gandy's claim is establishing his ownership of the trees at issue which, by definition, are a component part of immovable property. Therefore, a determination of the ownership of the trees necessarily requires a determination of who owns the property upon which the trees are located; hence, an adjudication as to title of immovable property is required.

4

The fact that Key Realty and Merryman are not landowners and/or not asserting claims of ownership of the trees does not negate the requirements of the law. The fact that the adjacent landowner was not made a party to these proceedings, likewise, does not negate the requirements of the law. Additionally, the fact that a determination of the ownership of the immovable property was not the impetus of the litigation does not negate the requirements of the law. As argued by Key Realty, "[a] case 'involves' title to immovable property even if the city court is not asked to *confer* title to one of the parties." Regardless of the foregoing, this litigation would require a judicial determination of whether Mr. Gandy owns the land upon which the trees are located. The City Court lacks subject matter jurisdiction over "case[s] involving title to immovable property." La.Code Civ.P. art. 4847(A)(1). Therefore, we find that the City Court's determination that it lacked subject matter jurisdiction over Mr. Gandy's claims was legally correct.

## DECREE

For the reasons set forth above, we affirm the judgment of the Alexandria City Court granting the exceptions of lack of subject matter jurisdiction on behalf of Defendant, Key Realty, L.L.C., and Defendants, Liz Merryman, Inc. and Liz Merryman, and dismissing the claims of Louie and Marion Gandy, with prejudice. The costs of this appeal are assessed to Louie and Marion Gandy.

**AFFIRMED.**

5