STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2024 CA 0314

ACADIAN GARDENS CONDOMINIUM ASSOCIATION

VERSUS

GINGER DEFOREST A/K/A GINGER K. DOUCETTE

JUDGMENT RENDERED: **DEC 27 2024**

* * * * * * *

Appealed from the City Court of East St. Tammany
Parish of St. Tammany • State of Louisiana
Docket Number 2019-C-0469

The Honorable Bryan D. Haggerty, Presiding Judge

* * * * * * *

| | |
|---|---|
| Ginger K. DeForest<br>Slidell, Louisiana | APPELLANT<br>DEFENDANT—*Pro Se* |
| Charles E. Sutton, Jr.<br>Lacombe, Louisiana<br> *-and-*<br>Stanley C. Kottemann, Jr.<br>Kenner, Louisiana | COUNSEL FOR APPELLEE<br>PLAINTIFF—Acadian Gardens<br>Condominium Association |

* * * * * * *

**BEFORE: MCCLENDON, WELCH, AND LANIER, JJ.**

**WELCH, J.**

Ginger DeForest a/k/a Ginger K. Doucette, appeals a judgment in favor of Acadian Gardens Condominium Association ("the Association"), which denied and dismissed her petition seeking to nullify a judgment from the Association's suit on open account and to have the privilege reflecting the associated debt canceled. For the reasons that follow, we affirm the judgment.

## BACKGROUND

On January 28, 2019, the Association filed a petition for suit on open account against Ms. DeForest, a condominium unit owner in Acadian Gardens, seeking to recover outstanding, unpaid condominium dues and related charges in the amount of $11,229.84 plus legal interest, which sum was assessed against her pursuant to the Condominium Declarations of Acadian Gardens ("the Declarations"). The suit was brought by the Association in the City Court of the City of Slidell, which is now the City Court of East St. Tammany ("the City court"). See La. R.S. 13:2487.1.

In response to the Association's petition, Ms. DeForest filed an answer denying the allegations of the petition. She also asserted, as an affirmative defense, that she purchased the condominium at a sheriff's sale, and "[o]n belief, the [Association's] documents[, *i.e.*, the Declarations,] were not properly recorded, as required by law" because the sheriff, "when announcing the various encumbrances to which the property was subject, did not describe the [Association] as an encumbrance[,]" and thus, she was "not obliged to the [Association]."

A trial on the merits was held on January 29, 2020. Thereafter, the City court rendered and signed a judgment on February 11, 2020 in favor of the Association and against Ms. DeForest in the principle amount as of $15,009.84 (as of January 29, 2020), plus legal interest from judicial demand until paid, attorney fees in the amount 25% of principle and interest, and costs. The City court's February 11, 2020

judgment is now a final judgment.[1] In conjunction with the February 11, 2020 judgment, the City court also issued reasons for judgment. In the reasons for judgment, the City court specifically found that Ms. DeForest purchased the property that was the subject matter of this case in August 2017; that Ms. DeForest's property was encumbered by the Declarations, which provided for condominium association dues that were to be paid by all condominium owners in the Association's development; that the Declarations had been properly recorded and no competent evidence or legal authority to the contrary was presented by Ms. DeForest; and that Ms. DeForest never paid any required condominium association fees since she has owned the property.

On August 4, 2021, Ms. DeForest filed a petition in the 22nd Judicial District Court for the Parish of St. Tammany ("the district court") seeking to nullify the City court's February 11, 2020 judgment based on lack of subject matter jurisdiction and to cancel the recorded privilege and reflect cancellation of that debt ("petition for nullity"). See La. C.C.P. art. 2002(A)(3) (providing that "[a] final judgment shall be annulled if it is rendered ...[b]y a court which does not have jurisdiction over the subject matter of the suit"). Essentially, Ms. DeForest contended that her affirmative defense as to the proper recordation and enforceability of the Declarations turned the Association's suit on open account into a "case involving title to immovable property," thereby divesting the City court of subject matter jurisdiction. See La. C.C.P. art. 4847 (providing that a parish court or a city court "has no jurisdiction" in "[a] case involving title to immovable property.)"

In response, the Association filed a declinatory exception raising the objections of *lis pendens*, lack of jurisdiction, and improper venue; a dilatory exception raising the objections of vagueness and ambiguity; and a peremptory

---

[1] Ms. DeForest attempted to appeal the February 11, 2020 judgment; however, it was dismissed as untimely.

exception raising the objections of prescription, peremption, *res judicata*, no cause of action, and no right of action. The Association also filed an answer, denying the allegations of Ms. DeForest's petition for nullity and that the City court lacked jurisdiction over its suit on open account.

After a hearing on the exceptions, the district court rendered and signed a judgment on June 2, 2022, dismissing, with prejudice, Ms. DeForest's petition for nullity based on the objection of improper venue. Ms. DeForest appealed that judgment. On appeal, this Court affirmed the district court's judgment insofar as it determined that Ms. DeForest's suit was filed in an improper venue, vacated the district court's judgment insofar as it dismissed Ms. DeForest's suit with prejudice, and remanded the matter to the district court with instructions that Ms. DeForest's petition for nullity be transferred to the City court. See **DeForest v. Acadian Gardens Condominium Association**, 2022-1157 (La. App. 1st Cir. 4/28/23), 368 So.3d 110, 113-116.

In accordance with the remand instructions from this Court, the district court issued an order transferring Ms. DeForest's petition for nullity to the City court. The City court held a hearing on Ms. DeForest's petition on November 15, 2023. At the conclusion of hearing, the City court rendered judgment dismissing Ms. DeForest's petition, with prejudice. In oral reasons for judgment, the City court stated:

> The judgment of this [c]ourt rendered in open court on January 29th of 2020, and signed on February 11th of 2020, is maintained in favor of [the Association] and against [Ms.] DeForest. The original petition filed in this matter contained a cause of action for unpaid condominium assessments and related charges. There was nothing in the petition that pertained to nor involved the title of immoveable property and the [c]ourt's [j]udgment had absolutely nothing to do with the title of immoveable property.
>
> ...
>
> Therefore, the [c]ourt finds that the petition of [Ms.] DeForest— based upon the submission on the record for the trial, has not carried her burden and the [c]ourt dismisses the [p]etition for [n]ullity with prejudice.

4

A judgment dismissing Ms. DeForest's petition for nullity, with prejudice, was signed on December 31, 2023, and it is from this judgment that Ms. DeForest appeals. On appeal, Ms. DeForest contends that the City court erred in dismissing her petition for nullity, arguing that the City court lacked subject matter jurisdiction to render the February 11, 2020 judgment because the Association's suit on open account was a case involving title to immovable property. In response, the Association contends that the City court properly dismissed Ms. DeForest's petition for nullity because its suit on open account was solely a claim for monetary recovery based upon Ms. DeForest's failure to pay her condominium dues and related charges, which was a claim within the jurisdiction of the City court.

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure article 2002(A)(3) provides that "[a] final judgment shall be annulled if it is rendered ...[b]y a court which does not have jurisdiction over the subject matter of the suit." Subject matter jurisdiction refers to "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La. C.C.P. art. 2. The jurisdiction of a court over the subject matter of an action cannot be conferred by consent of the parties, and a judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3.

Whether a court has subject matter jurisdiction raises a question of law, which is reviewed on appeal *de novo* to determine whether the lower court was legally correct. **City of Baton Rouge v. Lewis**, 2019-1581 (La. App. 1st Cir. 7/14/20), 2020 WL 3967973 *3 (unpublished); **Gandy v. Key Realty, L.L.C.**, 2013-712 (La. App. 3rd Cir. 12/11/13), 128 So.3d 678, 679. Therefore, the issue before this Court is whether the City court's determination that it had subject matter jurisdiction over the Association's suit on open account was legally correct.

5

The subject matter jurisdiction of parish courts and city courts is limited by the amount in dispute and by the nature of the proceeding. La. C.C.P. art. 4841(A). Herein, the City court's "civil jurisdiction is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed fifty thousand dollars." La. C.C.P. art. 4843(G). However, parish courts and city courts, including the City court herein, have "no jurisdiction in ... [a] case involving title to immovable property." La. C.C.P. art. 4847(A)(1).

On its face, La. C.C.P. art. 4847(A)(1) divests city and parish courts of the authority to determine ownership or title to immovable property or real estate between parties when that issue is before the court; however, this article has been interpreted to preclude city and parish courts from exercising jurisdiction in cases involving a determination of the ownership of component parts of immovable property, such as a tree. See **Gandy**, 128 So3d at 680-681 and **King v. Young Properties**, 2004-680 (La. App. 3rd Cir. 10/27/04), 893 So.2d 895, 899, writ denied, 2005-662 (La. 4/29/05), 901 So.2d 1076). Courts have also interpreted this article to preclude city and parish courts from exercising jurisdiction over cases involving boundary disputes and other real rights in and to immovable property. See **Brown v. Rahman**, 2007-1571 (La. App 4th Cir. 1/24/08), 977 So.2d 185, 186-187 and **Geier v. Miranne**, 199 So.2d 622, 624 (La. App. 4th Cir. 1967).

Under La. C.C.P. art. 4847(A)(1), city and parish courts also lack subject matter jurisdiction when an issue of ownership or title to immovable property is raised in defense to a suit over which a city or parish court would ordinarily have jurisdiction, such as an eviction. See **Bon Amis Investments, LLC v. Lapeyrouse**, 2015-1459 (La. App. 1st Cir. 5/5/16), 195 So.3d 514, 517-518; **Scott v. Scott**, 48,716 (La. App. 2nd Cir. 1/15/14), 132 So.3d 460, 463-464; **Moody Investment Corporation v. Occupants of 901 East 70th St.**, 43,396 (La. App. 2nd Cir. 8/13/08), 990 So.2d 119, 123; and **PTS Physical Therapy Service v. Magnolia**

**Rehabilitation Service, Inc.**, 40,558, 40,559 (La. App. 2nd Cir. 1/27/06), 920 So.2d 997, 1000. In such cases, the party raising the objection of lack of subject matter jurisdiction must do more than assert that ownership or title was at issue; rather, the party must have affirmatively established with evidence that the issue of title or ownership was brought into question thereby depriving the city or parish court of jurisdiction. See **Moody Investment Corporation**, 990 So.2d at 123; **Ward-Steinman v. Karst**, 465 So.2d 225, 226-227 (La. App. 3rd Cir. 1985).

Based on our *de* novo review of this case, we find the City court correctly determined that it had subject matter jurisdiction over the Association's suit on open account. Therein, the Association sought a money judgment against Ms. DeForest based on her failure to pay her condominium dues and related charges, as provided in its Declarations, and the sum sought by the Association did not exceed the City court's jurisdictional limitation of fifty-thousand dollars. The Association's suit on open account did not involve a determination as to ownership or title to immovable property, a component part of immovable property, or a boundary dispute or other real right in and to immovable property. Thus, we find the Association was entitled to avail itself of the jurisdiction of the City court when filing its suit on open account.

Although Ms. DeForest asserted, as an affirmative defense, that the Association's Declarations were not properly recorded and that she was not subject to the Declarations, the City court concluded that Ms. DeForest failed to prove this defense, and thus, she was subject to the Declarations. We find that Ms. DeForest's defense in this regard did not raise an issue involving Ms. DeForest's title or ownership to immovable property so as to deprive the City court of jurisdiction. Indeed, Ms. DeForest's title or ownership to her condominium unit was undisputed. Rather, Ms. DeForest claimed (but did not prove) that she should not owe the sums due to the Association because she should not be bound by the Declarations. Therefore, we cannot say that Ms. DeForest's affirmative defense to the

Association's suit turned the case into "[a] case involving immovable property" so as to deprive the City court of subject matter jurisdiction under La. C.C.P. art. 4847(A)(1).

Therefore, because we find that there was no dispute, adjudication, or issue regarding the ownership or title to immovable property in the Association's suit on open account against Ms. DeForest or in Ms. DeForest's affirmative defense to that suit, the City court had subject matter jurisdiction over the matter. Accordingly, the City court properly dismissed Ms. DeForest's petition for nullity.

## CONCLUSION

For all of the above and foregoing reasons, the December 31, 2023 judgment of the City court, dismissing, with prejudice, Ms. DeForest's petition for nullity is affirmed.

All costs of this appeal are assessed to Ginger DeForest.

**AFFIRMED.**